UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **DEVIN CALDWELL,** : | Civil Action No. |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| **ANTIQUEPURVEYOR.COM INC.** : | |
| **and DONALD TIMPANARO** : | |
|     Defendants. : | APRIL 3, 2023 |

## COMPLAINT

### INTRODUCTION

1. Plaintiff, Devin Caldwell, brings this action against Defendants, AntiquePurveyor.com Inc. and its owner, Donald Timpanaro, because Defendants illegally failed to pay him overtime wages for all of the weeks in which he worked more than forty hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. (hereinafter "FLSA"), and the Connecticut Minimum Wage Act, Conn. Gen. Stat. 31-58 et seq. (hereinafter "CMWA"). Defendants also failed to pay Plaintiff for all of the hours that he worked in his final pay period, in violation of Conn. Gen. Stat. 31-72.

### PARTIES

2. Plaintiff, Devin Caldwell ("Plaintiff"), resides in Connecticut.

3. Defendant AntiquePurveyor.com Inc. (hereinafter "AP") is a company organized under the laws of Connecticut, with a principal place of business in Connecticut. AP conducts business and employs individuals in Connecticut. AP engages in interstate commerce and has an annual volume of sales or business that exceeds $500,000 per year.

4. Defendant Donald Timpanaro is the owner and operator of AP (hereinafter "Timpanaro" and together with AP, "Defendants"). Timpanaro exercised sufficient control over the operations of AP to be considered Plaintiff's employer under the FLSA and CMWA. Timpanaro exercised authority regarding the managerial and administrative practices of AP. Timpanaro was responsible for making decisions regarding Plaintiff's wages and is the specific cause of the wage violations alleged herein. Timpanaro resides in Connecticut.

**JURISDICTION**

5. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. 216(b) because they present federal questions. The Court has supplemental jurisdiction over Plaintiff's claims under the CMWA and Conn. Gen. Stat. 31-72 pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because they are located in Connecticut, transact business in Connecticut, and employ individuals in Connecticut.

**BACKGROUND**

7. Plaintiff commenced his employment with Defendants in January 2021.

8. At the start of Plaintiff's employment, Plaintiff's job duties included preparing furniture for shipment and moving furniture.

9. Later in 2021, Plaintiff assumed additional job duties in addition to the job duties that he had previously been performing, including answering phone calls and talking with customers and helping with order fulfillment.

10.     Timpanaro hired Plaintiff to work for Defendants and made decisions regarding Plaintiff's wages, hours, and rate of pay.

11.     When Plaintiff first began working for Defendants, he was paid on an hourly basis, and was paid an hourly rate of $20.00 per hour.  When Plaintiff began working for Defendants, Defendants initially paid him additional overtime wages when he worked more than forty hours per week.

12.     However, on or about the week of May 3, 2021, Defendants unilaterally began paying Plaintiff a weekly salary and stopped paying him overtime wages for the hours that he worked in excess of forty hours per week.  At that time, Plaintiff's regular rate of pay was $22.50 per hour.

13.     Plaintiff questioned Timpanaro about the fact that he was no longer receiving overtime wages and about the fact that Plaintiff was receiving less money under the salary than he was previously receiving when he was being paid overtime.

14.     For the remainder of Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff overtime wages when Plaintiff worked more than forty hours per week.

15.     Between the week of May 3, 2021, and November 3, 2022, Plaintiff worked approximately 740 hours of overtime.

16.     On about the week of June 28, 2021, Plaintiff's regular rate of pay increased to $24.03 per hour.

17.     On about the week of May 16, 2022, Plaintiff's regular rate of pay increased to $26.44 per hour.

18. Between the weeks of May 3, 2021 and June 21, 2021, Plaintiff consistently worked more than forty hours per week for which he should have been paid at the rate of $33.75 per hour. However, during that time, Defendants paid Plaintiff zero dollars for the hours that Plaintiff worked each week in excess of forty hours per week.

19. Between the weeks of June 28, 2021 and May 9, 2022, Plaintiff consistently worked more than forty hours per week for which he should have been paid at the rate of $36.05 per hour. However, during that time, Defendants paid Plaintiff zero dollars for the hours that Plaintiff worked each week in excess of forty hours per week.

20. Between the week of May 16, 2022 and November 3, 2022, Plaintiff consistently worked more than forty hours per week for which he should have been paid at the rate of $39.66 per hour. However, during that time, Defendants paid Plaintiff zero dollars for the hours that Plaintiff worked each week in excess of forty hours per week.

21. On November 3, 2022, Defendants terminated Plaintiff's employment.

22. In addition, Defendants failed to pay Plaintiff for all of the hours that he worked during his final pay period, and also did not pay Plaintiff by the deadline required by Connecticut law.

**CLAIMS**

**COUNT ONE:** **FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA (as against both DEFENDANTS)**

23. The FLSA requires that Defendants pay overtime wages to Plaintiff at the rate of one and one-half times Plaintiff's regular rate of pay for all hours that Plaintiff worked in excess of forty hours per week.

24. Defendant AP and Defendant Timpanaro are employers who are subject to the FLSA.

25. Plaintiff worked approximately 740 hours of overtime for which Defendants failed to pay him. Plaintiff was entitled to receive overtime wages for all hours that he worked in excess of 40 hours per week.

26. Defendant AP and Defendant Timpanaro violated the FLSA by failing to pay Plaintiff overtime wages for all the hours he worked each week in excess of 40 hours per week.

27. Plaintiff has suffered damages as a result of Defendants' failure to pay overtime in violation of the FLSA.

28. Under the FLSA, Plaintiff is entitled to an award equal to twice the full amount of such wages owed to Plaintiff, with costs and such reasonable attorney's fees as may be allowed by the court.

**COUNT TWO:   FAILURE TO PAY OVERTIME IN VIOLATION OF CMWA
                      (as against both DEFENDANTS)**

29. The CMWA requires that Defendants pay overtime wages to Plaintiff at the rate of one and one-half times Plaintiff's regular rate of pay for all hours that Plaintiff worked in excess of forty hours per week.

30. Defendant AP and Defendant Timpanaro are employers who are subject to the CMWA.

31. Plaintiff worked approximately 740 hours of overtime for which Defendants failed to pay him. Plaintiff was entitled to receive overtime wages for all hours that he worked in excess of 40 hours per week.

32. Defendant AP and Defendant Timpanaro violated the CMWA by not paying Plaintiff overtime wages for all the hours he worked each week in excess of 40 hours per week.

33. Plaintiff has suffered damages as a result of Defendants' failure to pay overtime in violation of the CMWA.

34. Under the CMWA, Plaintiff is entitled to an award equal to twice the full amount of such wages owed to Plaintiff, with costs and such reasonable attorney's fees as may be allowed by the court.

**COUNT THREE:**     **VIOLATION OF CONN. GEN. STAT. 31-72**
                                **(as against both DEFENDANTS)**

35. Defendants are also liable to Plaintiff pursuant to Conn. Gen. Stat. 31-72.

36. Defendant AP and Defendant Timpanaro are employers as defined in Conn. Gen. Stat. 31-71a.

37. Defendants also failed to pay Plaintiff for all of the hours that he worked during his final pay period.

38. Defendants also did not provide Plaintiff with his final paycheck by the deadline required by Connecticut law.

39. Plaintiff has suffered damages as a result of Defendants' failure to pay wages owed to Plaintiff.

40. Under Conn. Gen. Stat. 31-72, Plaintiff is entitled to an award equal to twice the full amount of such wages owed to Plaintiff, with costs and such reasonable attorney's fees as may be allowed by the court.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff claims judgment against Defendants, and:

1. Economic damages, including but not limited to, unpaid wages and unpaid overtime;

2. Liquidated damages and double damages pursuant to the FLSA and CMWA and Conn. Gen. Stat. 31-72;

3. Attorney's fees and costs;

4. Interest and costs;

5. Such other relief as in law or equity that may pertain.

**JURY DEMAND**

Plaintiff demands a trial by jury.

                                              PLAINTIFF,
                                              DEVIN CALDWELL

By */s/ Todd Steigman*
    Todd Steigman (ct26875)
    Madsen, Prestley & Parenteau, LLC
    402 Asylum Street
    Hartford CT 06103
    P: (860) 246-2466
    F: (860) 246-1794
    Email: tsteigman@mppjustice.com
    His attorneys