UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

DEVIN CALDWELL,                     :

*Plaintiff*,                           :

v.                                  :              No. 3:23-cv-416-SDV

ANTIQUEPURVEYOR.COM INC. ET AL     :

*Defendants*.                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

The parties' Joint Motion to Approve FLSA Settlement [ECF No. 32] is GRANTED for the reasons set forth below. The Court conducted a settlement conference between the parties in this matter on July 27, 2023. After approximately four hours, the parties reached an agreement. Because a settlement in an FLSA action is not effective unless it is approved by a district court "district courts in this Circuit routinely review FLSA settlements for fairness before approving any stipulated dismissal." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599-600 (2d Cir. 2020). Where an FLSA settlement is deemed "fair and reasonable" by the Court, it should receive judicial approval. *Wolinsky v. Scholastic, Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

On August 29, 2023, the parties filed a motion and notice of consent [ECF No. 27, 30] to have all further proceedings in this matter to be conducted by the undersigned, which was approved by Hon. Jeffrey Alker Meyer on the same date [ECF No. 28, 29]. On September 15, 2023, the parties filed their joint motion for approval of the settlement agreement. ECF No. 32. Accordingly, the Court held a hearing on this motion on September 21, 2023. During the

hearing, the Court asked the parties to address: (1) the plaintiffs' potential range of recovery; (2) the extent to which the settlement will allow the parties to avoid the burdens and expenses of litigation; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement is the product of arms-length bargaining between experienced counsel; and (5) the possibility of any fraud or collusion, all of which the parties also addressed in their joint motion. *See Wolinsky*, 900 F. Supp. 2d at 335. Based on the parties' arguments, the Court's review of the pleadings on the docket and the Court's own familiarity with this matter, the Court makes the following findings.

Here, the undersigned presided over a lengthy settlement conference, which lasted approximately four hours, and during that conference, the parties, represented by counsel well-versed in FLSA matters, vigorously contested multiple issues relating to liability and calculation of potential damages. Accordingly, the Court finds that the Settlement Agreement is the product of arms-length bargaining between experienced counsel and there is no reason to believe that the settlement is the product of fraud or collusion by the parties.

While the Court acknowledges that there was some information exchange between the parties that occurred prior to the settlement conference that permitted the conference to be productive and meaningful, there remained significant dispositive motion practice and discovery to be conducted, which would have created substantial burdens and expense for all parties before any resolution on the merits of this action. The proposed settlement allows the parties to avoid such considerable expense. Further, given the breadth of disputed issues as to liability and damages, it was apparent that the outcome on the merits was uncertain and each side faced significant risk of an adverse result. Plaintiff risked a finding that he was exempt from overtime pay and therefore would have been faced with a verdict in favor of the defendants. The Court

also recognizes that, even if plaintiffs had prevailed on liability, the range of damages that potentially could be recovered was very wide and depended upon disputed issues of the appropriate measure and calculations. On the other hand, if plaintiff prevailed, Defendant also faced potential liquidated damages and liability for plaintiff's attorneys fees and costs. The proposed settlement amount falls within a reasonable point in the range of possible outcomes in this litigation. While the Settlement Agreement contains a mutual non-disparagement provision and a no-rehire clause, these provision are narrowly tailored, appropriately address the particular circumstances of this case and do not prevent the plaintiff from speaking truthfully about his experience in litigating this matter in order to further the protective purposes of the FLSA. Each party has provided a release to the other of all claims arising of the defendant's employment.

Likewise, the proposed attorneys' fees and reimbursement of costs included in the Settlement Agreement are reasonable. Reasonable compensation for attorneys who bring actions to secure wage and hour rights, disputed as they may be, advances the protective and remedial purposes of the FLSA. *See Aros v. United Rentals, Inc.*, No. 310CV73(JCH), 2012 WL 3060470, at *4 (D. Conn. July 26, 2012). Here, plaintiffs' counsel spent significant time in the investigation of the claims brought, in initiating this lawsuit, gathered information critical in advancing this matter and expended further time and effort in preparing for a settlement conference that was productive. The proposed fees and costs to plaintiff's counsel also represents a significant reduction of the actual value of attorney time incurred on this matter.

In short, after considering the parties' arguments and all relevant factors, the Court finds that the settlement that has been reached is a fair and reasonable resolution of a *bona fide* dispute. Therefore, the settlement of the parties in the Settlement Agreement is hereby APPROVED and the terms of the parties' Settlement Agreement are hereby incorporated into

this Order. Payment is to be made by defendants to plaintiff and plaintiff's cousnsel in accordance with the Settlement Agreement. This case is DISMISSED WITH PREJUDICE.

The Court RETAINS JURISDICTION over this matter for the purposes of enforcing the terms of the parties' Settlement Agreement.

SO ORDERED this 21st day of September, 2023.


_____*/s/ S. Dave Vatti*_____
The Honorable S. Dave Vatti
United States Magistrate Judge